IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OLUFEMI KAYODE AGBOMIRE, § | |
| § | |
| Defendant-Petitioner, § | |
| § | |
| VS. § | CRIMINAL NO. H-04-411 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent. § | |
| § | |
| CIVIL ACTION H-07-782 § | |

**MEMORANDUM AND OPINION**

Olufemi Kayode Agbomire filed a motion under 28 U.S.C. § 2255, seeking to vacate his 2005 conviction and 37-month sentence for conspiracy to commit bank fraud. Agbomire pleaded guilty to the conspiracy charge in the superseding indictment and waived his right to appeal the sentence or the manner in which it was determined except as to an upward departure (which was not entered). Agbomire also waived his right to file a collateral attack on his conviction or sentence, including a section 2255 motion.

Agbomire did not appeal. Instead, he filed a motion for relief under 28 U.S.C. § 2255 (Docket Entry No. 213). In his motion, he asserts that he received ineffective assistance of counsel and that this court erred in applying the sentencing guidelines. The government argues in its motion for the denial of Agbomire's § 2255 Motion to Vacate, Set Aside, or Correct Sentence that the waiver in his written plea agreement was knowing and voluntary

and precludes this motion.

Based on the motion and response, the parties' submissions, the record, and the applicable law, this court denies Agbomire's motion for relief judgment and, by separate order, enters final judgment. The reasons are set out in detail below.

**I.     Background**

Olufemi Kayode Agbomire, Sheronda Jackson, and Anthony Ray Miller were named in a 21-count superseding indictment issued on December 15, 2004. The superseding indictment charged conspiracy to commit bank fraud; conspiracy to commit money laundering; specific acts of bank fraud; and, as to Agbomire, possession of stolen mail matter.

On August 19, 2005, Agbomire pleaded guilty to count one of the superseding indictment. In the written plea agreement, the government agreed, among other provisions, that it would dismiss the other counts at sentencing, that the intended loss was not higher than $400,000, that the number of victims did not exceed fifty, and that Agbomire should not be held to an aggravating role. Agbomire agreed, among other things, to waive his right to appeal the sentence, except for an upward departure, and to waive his right to file a collateral challenge as to the conviction or sentence. This court accepted the plea after a thorough and detailed Rule 11 hearing. A transcript of that hearing is filed as part of this record.

On February 22, 2006, Agbomire was sentenced to serve 37 months in prison, to pay $551 in restitution and a $100 mandatory assessment, and to serve a three-year supervised release term. Agbomire did not appeal. He did file a motion for relief under section 2255

in October 2006 with a motion for a free transcript. Those motions were denied and Agbomire appealed. Pending that appeal, Agbomire filed this motion seeking habeas relief under section 2255. Agbomire contends that his counsel provided ineffective assistance by leading him to believe that because the actual loss was $551, the sentencing range was 0-6 months and he would not likely receive more than one year in prison. Agbomire argues that his counsel was deficient in failing to advise him of the sentence he could receive. Agbomire also argues that the sentence he received exceeded the guideline range that should have been used and represented an impermissible ex post facto application of the advisory (as opposed to mandatory) guidelines. (Docket Entry No. 213 at 4).

## II. The Applicable Legal Standards

Agbomire is proceeding *pro se*. Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are liberally construed. *See United States v. Pena,* 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.,* 86 F.3d 469, 472 & n.16 (5th Cir. 1996)).

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence. Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Center,* 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted). A section 2255 motion does not require an evidentiary hearing if the motion and the record conclusively show that the prisoner is not entitled to relief. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).

## III.  The Sentencing Hearing

At sentencing, the sentencing guideline calculation produced a base offense level of 19 and a criminal history category of 1. This was based on the court's acceptance of the government's position in the written plea agreement limiting the number of victims, the amount of intended loss, and Agbomire's role in the offense. Agbomire received a reduction of three offense levels for acceptance of responsibility. The total offense level of 19 and criminal history category of I resulted in an advisory guideline range of 30 to 37 months. Agbomire was sentenced within that range, at 37 months.

## IV.  Analysis

A defendant may waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). In *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994), the Fifth Circuit

addressed a waiver of a right to file a collateral challenge. The court stated:

> We are aware of no caselaw from this circuit squarely holding that § 2255 relief may be waived in a plea agreement. But, we see no principled means of distinguishing such a waiver from the waiver of a right to appeal. As a general matter, therefore– and at least under the facts and circumstances of this case–an informed and voluntary waiver of post-conviction relief is effective to bar such relief. Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel, *see United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993), *cert. denied,* 508 U.S. 979, 113 S. Ct. 2980, 125 L. Ed. 2d 677 (1993), but here the appropriateness of the waiver is beyond question.

*Wilkes*, 20 F.3d at 653.

A defendant may waive his right to file a section 2255 motion if the waiver is voluntary and informed, although such a waiver might not apply to an ineffective-assistance-of-counsel claim. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). A waiver tainted by the ineffective assistance of counsel is not enforceable. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective-assistance-of-counsel argument survives an appeal waiver when the assistance directly affects the validity of that waiver or of the plea itself. The Fifth Circuit explained:

> . . . impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself–or the plea agreement of which it was a part–was unknowing or involuntary . . . .Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. *See United States v. Melancon*,

5

> 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938).

*White,* 307 F.3d at 343.

Other circuits also conclude that waivers of appeal remain valid unless ineffective assistance of counsel directly affects the knowing and voluntary nature of the waiver or the plea. The Fifth Circuit summarized the law of those circuits, as follows:

> In *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1998), the court allowed a defendant to overcome a waiver and argue ineffective assistance of counsel in a section 2255 motion because the defendant alleged he received ineffective assistance in the negotiation of the agreement itself. *Id.* at 1145. The court compared that situation to cases where a waiver was procured through coercion or intimidation, in which it is "intuitive" that the waiver should not be enforced. *Id.* The *Jones* court was careful to limit its holding, however. "Mindful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Id.* The Seventh Circuit put teeth into that aside in *Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000), in which the court held that the defendant's ineffective assistance claim merely challenged his attorney's performance at sentencing. The *Mason* court applied the *Jones dictum* and enforced the waiver.

*White*, 307 F.3d at 342. To determine whether a waiver is enforceable, a court first asks whether the plea or waiver itself was knowing and voluntary, then asks whether the issue challenged on appeal may properly be the subject of waiver. If the answer to both questions is "yes," the waiver can be enforced. *White*, 307 F.3d at 343-44 (petitioner claimed ineffective assistance of counsel but did not claim that the waiver in his plea agreement was

6

unknowing or involuntary; the Fifth Circuit affirmed the district court's denial of the section 2255 motion).

The record shows that Agbomire's plea and waiver were both knowing and voluntary. In his written plea agreement, Agbomire waived his right to appeal his conviction or the manner in which his sentence was determined unless there was an upward departure and waived his right to file a collateral challenge to his conviction or sentence. The plea agreement provided in relevant part as follows:

> 12.  The defendant is aware that the his sentence may be imposed in accordance with the USSCGM which are advisory and are not binding on the Court.  The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.  The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  **Knowing that, the defendant waives the right to appeal the sentence or the manner in which it was determined on the grounds set forth in Title 18, United States Code, Section 3742 except only that he may appeal any upward departure from the USSCGM.**  This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).
>
> 13.  The defendant is also aware the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford a defendant the right to contest or "collaterally attack" his conviction after his conviction has become final.  **Knowing that, the defendant waives his right to contest or collaterally attack his conviction or sentence by means of any post-conviction proceeding.**
>
> 14.  In agreeing to waive his right to appeal his sentence or collaterally attack his conviction or sentence, the defendant is

7

>aware that a sentence has not yet been determined by the Court. **The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.** The United States does not make any promise or representation concerning what sentence the defendant will receive. **Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, in exchange for concessions made by the United States in this plea agreement, the defendant knowingly waives the right to contest his conviction or sentence by means of a post-conviction proceeding, and he knowingly waives the right to appeal the sentence except to the extent set out above.**

(Docket Entry No. 89, Plea Agreement).

At the rearraignment hearing, the court questioned Agbomire about his competence and his understanding of the rights he was giving up by pleading guilty, the charges against him, the possible sentence, and the terms of the plea agreement. Agbomire stated that he had read and understood the plea agreement; he had not been treated for any kind of mental problem; he was not addicted to any drugs or alcohol; he was not sick; he was not taking any medicines; he was not under the influence of drugs or alcoholic beverages; he had had enough time to talk to his attorney; and he was satisfied with the advice of his counsel. Agbomire's counsel stated that his client understood the charges he faced and the punishment he faced; that counsel had had enough time to investigate the case; Agbomire had cooperated with counsel; and he had no question as to Agbomire's competence. The court found that Agbomire was fully competent to enter a knowing, voluntary, and informed plea of guilty.

The court questioned Agbomire at length as to his understanding of the rights he was giving up by pleading guilty. Agbomire answered that he understood the rights he was waiving. Agbomire stated that he understood the charge against him and that he faced a maximum sentence of 60 months.

The court also reviewed with Agbomire the provisions of his written plea agreement, including the waivers. Agbomire stated that he understood he was giving up his right to appeal or file later collateral challenges. Agbomire also stated that he understood that even if the sentence was heavier than he expected, he could not withdraw his plea, or appeal except under very narrow circumstances, or file a later challenge. Agbomire stated that he understood that he could not collaterally challenge his sentence even if the court imposed a heavier sentence than he anticipated.

Agbomire stated that the facts alleged in the indictment and described in the factual basis were true. Agbomire pleaded guilty to count one of the superseding indictment. Agbomire stated, under oath, that every allegation in count one was true and that everything the prosecutor said about Agbomire's involvement was true. Agbomire stated that he was making his guilty plea freely and voluntarily; no one had forced or threatened him to enter his guilty plea; he was not pleading guilty to protect another person from prosecution; he was not pleading guilty because of any promise, other than what was in the guilty plea agreement; and he was pleading guilty because he was guilty and for no other reason. Counsel for Agbomire stated that he knew no reason why his client should not plead guilty; knew of no meritorious defenses to count one; and knew of no additional admonishments. Agbomire

stated that he signed the plea agreement of his own free will.

This court found that Agbomire was mentally competent to enter an informed plea; the plea was supported by independent facts that established the elements of the offense; the plea was voluntarily and knowingly made; and Agbomire understood the nature of the proceedings and the consequences of the guilty plea. The court found that Agbomire's guilty plea was knowing, voluntary, and informed.

In his section 2255 motion, Agbomire alleges that counsel provided ineffective assistance by stating that he would likely receive a six-month sentence based on the actual loss of $550. The plain terms of the plea agreement and the rearraignment colloquy clearly refute Agbomire's allegation that he was promised a lower sentence. The plea agreement clearly and unambiguously states that there are no promises as to the sentence. Agbomire's colloquy with the court expressly contradicts the existence of any promises or agreements not contained in the plea agreement. The record precludes Agbomire's claim that there was ineffective assistance that affected the knowing and voluntary nature of the plea or the waiver. *See, e.g., United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Because the plea and waiver were voluntary, informed, and knowing, the waiver is valid and enforceable. Agbomire's plea agreement waiving his right to collaterally attack his sentence with a section 2255 motion is, on this record, enforceable. Because Agbomire's ineffectiveness claims are not related to the execution of the plea agreement or the knowing and voluntary nature of either the guilty plea or his waiver of the right to file a section 2255 proceeding, the waiver is valid and enforceable.

In addition, Agbomire's challenges to the guideline calculation is without merit. Agbomire was sentenced within the guideline range that resulted from the court's acceptance of the plea agreement provisions limiting such sentencing factors as the number of victims, the amount of intended loss, and the role in the offense. Even considering Agbomire's claim on the merits, he is clearly not entitled to relief.

A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992). An evidentiary hearing is unnecessary because the record conclusively shows that Agbomire is entitled to no relief.

## V.     Conclusion

Agbomire's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Docket Entry No. 213), is denied. The corresponding civil action is dismissed with prejudice.

Under the AEDPA, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. A certificate of appealability is "a jurisdictional prerequisite" for an appeal on

the merits by a habeas petitioner.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Id*. at 342.

Because Agbomire has not made the necessary showing, this court will not issue a certificate of appealability.

Final judgment will issue by separate order.

SIGNED on July 3, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge